925 F.2d 1463
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abu-Dawud EL-AMIN, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Dan Bolden, Judy Kalmanek, John Jabe,
Sally Langley, Defendants-Appellees.
 No. 90-1488.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Abu-Dawud El-Amin, a pro se Michigan prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, El-Amin sued five officials and employees of the Michigan Department of Corrections (MDOC) for allegedly violating his first amendment right to the free exercise of religion. El-Amin did not specify the capacity in which he sued the defendants. El-Amin, a Muslim, alleged that an MDOC memorandum and policy directive prevented his attendance at Friday afternoon Al-Jummah prayers because they prohibited release from work assignments to attend religious services.
 
 
 3
 The magistrate recommended granting the defendants' motion for summary judgment, finding that the policy complained of was reasonably related to the legitimate penological interests articulated by the MDOC's Director of Programs. Over El-Amin's objections, the district court adopted the magistrate's report and recommendation and granted summary judgment for the defendants in an order filed March 26, 1990. El-Amin's motion for reconsideration was denied April 10, 1990.
 
 
 4
 On appeal, El-Amin continues to argue the merits of his first amendment claim and, in addition, raises an equal protection argument. In his brief, El-Amin requests the appointment of counsel.
 
 
 5
 Upon review, we shall affirm the district court's judgment as to El-Amin's first amendment claim because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). El-Amin's equal protection claim was not first raised before the district court and is thus not reviewed on appeal. Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Further, because El-Amin has not named the defendants in their individual capacity, they are deemed in their official capacity and are not subject to suit for monetary damages under Sec. 1983. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311 (1989); Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989).
 
 
 6
 Accordingly, the district court's summary judgment for the defendants is hereby affirmed for the reasons stated by the magistrate in her report and recommendation filed February 23, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.